**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 1:18-cv-22372-JB

M.D., C.F., and E.M., individually
and on behalf of a class
of similarly situated persons,

    Plaintiffs,

v.

CENTENE CORPORATION, INC., and
CENTENE MANAGEMENT
COMPANY, LLC,

    Defendants.

_____

**PRELIMINARY APPROVAL ORDER**

THIS CAUSE came before the Court upon the Amended Joint Motion for Preliminary Approval of Class Action Settlement ("Motion") filed by Plaintiffs M.D., C.F., and E.M. (collectively the "Plaintiffs"). The Court notes that Defendants Centene Corporation, Inc., and Centene Management Company, LLC (collectively, the "Centene Defendants") do not oppose the Motion.[1] After careful consideration of the Motion and the record, including the Settlement Agreement and Release ("Settlement" or "Agreement"), it is ORDERED and ADJUDGED that the Motion is GRANTED as follows:

---

[1] Other capitalized terms not otherwise defined in this Order have the meanings assigned to them in the Parties' Agreement. Each Plaintiff and each Defendant is a "Party" to the Agreement, and all collectively are the "Parties" to the Agreement.

**Preliminary Approval of Settlement**

1. For settlement purposes, the Court has jurisdiction over the subject matter of this Action, the Parties to the Agreement, and Settlement Class Members.

2. The Court preliminarily approves the Settlement. The Court finds that: (a) the Parties consummated the Settlement after Class Counsel had duly investigated the issues raised by Plaintiffs' claims and the Parties had conducted arm's-length negotiations; (b) the Settlement provides valuable consideration; and (c) the Settlement is sufficiently fair, adequate, and reasonable to the Settlement Class and within the reasonable range of possible final approval to warrant providing notice to Settlement Class Members and holding a full hearing on the Settlement.

**Preliminary Certification of Settlement Class**

3. For settlement purposes only, pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(d)(2), the Court preliminarily certifies the following Settlement Class:

> all persons currently or formerly covered under any individual health insurance plan or policy with a medical benefit or prescription drug benefit (or both) insured or administered by any Centene-related Entity whose request for prior authorization for coverage of Hepatitis C was denied based on a Metavir score or level of fibrosis between October 1, 2014, and December 31, 2018, who have not subsequently received direct acting antiviral therapy.

4. The Court finds, for settlement purposes only (without an adjudication on the merits or a determination of whether a class should be certified if the Settlement is not approved or otherwise does not become final), that the prerequisites for a settlement class under Federal Rule of Civil Procedure 23(a) and 23(b)(2) have been preliminarily satisfied in that: (a) the Settlement Class appears to be so numerous that joinder of all members is impracticable; (b) there appear to be questions of law or fact common to the Settlement Class Members for purposes of determining

whether the Settlement should be approved; (c) Plaintiffs' claims appear to be typical of the claims being resolved through the Settlement; (d) Plaintiffs appear to be capable of fairly and adequately protecting the interests of Settlement Class Members in connection with the Settlement; and (e) Plaintiffs allege that Centene entities have acted or refused to act on grounds that apply generally to the Settlement Class; (f) for purposes of determining whether the Settlement is fair, reasonable, and adequate, common questions of law and fact appear to predominate over questions affecting only individual Settlement Class Members; and (g) for purposes of determining whether the Settlement is fair, reasonable, and adequate, certification of the Settlement Class appears to be superior to other available methods for the fair and efficient resolution of the claims of Settlement Class Members.  In making these findings, the Court also notes that, because this Action is being settled rather than litigated, the Court need not consider manageability issues that might be presented in this case.  *See Amchem Prods., Inc. v. Windsor*, 117 S. Ct. 2231, 2248 (1997).

5. The Court also exercises its discretion under Federal Rule of Civil Procedure 23(d)(2) to provide notice and an opt-out right to protect the right of any Settlement Class Members to opt out and preserve any claims for individualized monetary damages.  *Holmes v. Cont'l Can Co.*, 706 F.2d 1144, 1154 (11th Cir. 1983) ("Parties to a proposed class action settlement may themselves provide for an opt out procedure by which class members may exclude themselves from the class and litigate their claims in the same action or in a separate lawsuit."); *Penson v. Terminal Transp. Co.*, 634 F.2d 989, 994 (5th Cir. 1981) ("A district court . . . acting under its Rule 23(d)(2) discretionary power may require that an opt-out right and notice thereof be given should it believe that such a right is desirable to protect the interests of the absent class members."); *see also In re Monumental Life Ins. Co.*, 365 F.3d 408, 417 (5th Cir. 2004).

6. The Court further finds, for settlement purposes only, that: (a) Settlement Class Members likely have a limited interest in individually prosecuting the claims at issue; (b) it is desirable to concentrate the claims in this forum; and (c) it is unlikely that there will be difficulties encountered in administering the Settlement.

7. Pursuant to Federal Rule of Civil Procedure 23, and for settlement purposes only, Plaintiffs M.D., C.F., and E.M. are preliminarily designated as Class Representatives for the Settlement Class, and Rivero Mestre LLP is preliminarily designated as Class Counsel.

8. Pending final determination of whether the Settlement should be approved, the Parties will not pursue any claims or defenses otherwise available to them, and no Settlement Class Member, and no person acting or purporting to act directly or derivatively on behalf of that Settlement Class Member, or acting on a representative basis or in any other capacity, will commence, prosecute, intervene in, or participate in any action, arbitration, or proceeding in any court, arbitration forum, or tribunal asserting any of the Released Claims against any of the Released Parties. Pending final determination of whether the Settlement should be approved, all Settlement Class Members, directly, on a representative basis, or in any other capacity, are hereby preliminarily ENJOINED from commencing, prosecuting, intervening in, or participating as a plaintiff or class member in any action, arbitration, or proceeding in any court, arbitration forum, or tribunal asserting any of the Released Claims against any of the Released Parties.

9. The Court recognizes that, pursuant to the Parties' Agreement, the Centene Defendants retain the right to dispute that a class may be properly certified in this Action, should the Settlement not be finally approved. The foregoing determinations regarding class certification are only for settlement purposes. Accordingly, preliminary certification of the Settlement Class will not be deemed a concession that litigation class certification is appropriate, nor is Centene

precluded from challenging class certification in further proceedings in this Action or in any other action or proceeding if the Settlement is not finalized or finally approved or is materially altered by any court. If the Settlement is not finally approved for any reason or materially altered by any court, the certification of the Settlement Class will be void and vacated, and the Action will proceed as though the Settlement Class had never been certified, without prejudice to any plaintiff or defendant to either request or oppose class certification.

## Notice and Administration

10. The Court hereby approves retention of the Settlement Administrator set forth in the Parties' Agreement, including providing Settlement Notice to Settlement Class Members and performing other functions and duties set forth in the Agreement.

11. Having considered, among other factors, (a) the cost of giving notice by various methods, (b) the resources of the Parties, (c) the stake of each Settlement Class Member, and (d) the possibility that certain Settlement Class Members might desire to exclude themselves from the Settlement Class or appear individually, the Court finds that notice given in the form and manner provided in the Parties' Agreement is appropriate to protect the class members and fairly conduct the action, and is reasonably calculated to apprise Settlement Class Members: (i) of the pendency and nature of this Action, (ii) of the definition of the Settlement Class preliminarily certified; (iii) of the class claims, issues, and defenses and the terms of the Settlement; (iv) of the right to appear and object to the Settlement; (v) of the right to exclude themselves from the Settlement Class; (vi) of the time and manner for requesting exclusion from the Settlement Class or objecting to the Settlement; and (vii) that any judgment, whether favorable or not, will bind all Settlement Class Members who do not timely and properly exclude themselves from the Settlement Class. The Court further finds that the proposed Settlement Notice is reasonable, that it fully satisfies the

requirements of due process as to all Settlement Class Members and all Released Claims, and that it complies fully with Federal Rules of Civil Procedure, the United States Constitution, and all other applicable law.

12.     The Court hereby approves the form, content, and requirements of the Settlement Notice attached to the Parties' Agreement.  The Settlement Administrator will cause the Settlement Notice to be provided to all Settlement Class Members by the Notice Deadline.  Class Counsel will, prior to the Final Approval Hearing, file proof of notice with the Court.

13.     Centene will pay for all Settlement Administration Costs prescribed by the Parties' Agreement.

### **"Opt-Outs"**

14.     Settlement Class Members will be bound by all determinations and orders pertaining to the Settlement, including the release of claims set forth in the Parties' Agreement, whether favorable or unfavorable, unless such individuals request exclusion from the Settlement Class in a timely and valid manner, as provided below.  Settlement Class Members who do not timely and validly request exclusion will be bound even if they have previously initiated or subsequently initiate individual litigation or other proceedings against the Released Parties relating to the Released Claims as set forth in the Agreement.

15.     A Settlement Class Member wishing to make a request for exclusion from the Settlement Class will mail the request in written form, by first class mail, postage prepaid, and postmarked no later than the Opt-Out and Objection Deadline, to the Settlement Administrator at the address specified in the Settlement Notice.  Exclusion requests must: (i) be signed by the person requesting exclusion; (ii) include the full name, address, and telephone number of the person requesting exclusion; and (iii) include substantially the following statement: "I/we request to be

excluded from the Centene Hepatitis C Drug Settlement." No request for exclusion will be valid unless all of the information described above is included. No Settlement Class Member, or any person acting on behalf of or in concert or participation with that Settlement Class Member, may exclude any other Settlement Class Member from the Settlement Class. After the Opt-Out and Objection Deadline, no Settlement Class Member will be allowed to request exclusion from the Settlement Class.

16. The Settlement Administrator will promptly provide counsel for the Parties with copies of any requests for exclusion. Plaintiffs will file a list of all Successful Opt-Outs with the Court no later than five (5) business days prior to the Final Approval Hearing.

### Objections

17. Any Settlement Class Member who does not opt-out of the Settlement Class in accordance with the terms of this Order may appear at the Final Approval Hearing to object to the Settlement or to the motion of Class Counsel for attorney's fees, expenses, or incentive awards, but only if the Settlement Class Member has filed a written objection with the Clerk of Court, in accordance with the requirements set forth below, by the Opt-Out and Objection Deadline. Any Settlement Class Member who does not provide a written objection in the manner described below will be deemed to have waived any objection and will forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement or any award of attorney's fees, expenses, or incentive payments. Any Settlement Class Member who intends to appear at the Final Approval Hearing, and any counsel who intends to appear on behalf of any Settlement Class Member, must file with the Clerk of Court and serve on all Parties a Notice of Intention to Appear at the Final Approval Hearing.

18. A Settlement Class Member must make any objection in writing and file it with the Clerk of Court by the Opt-Out and Objection Deadline. A Successful Opt-Out cannot also file an objection to the Settlement. The objection also must be mailed to each of the following, postmarked no later than the Opt-Out and Objection Deadline: (i) Rivero Mestre LLP, c/o Andres Rivero, 2525 Ponce de Leon Boulevard, Suite 1000, Miami, Florida 33134; and (ii) Hogan Lovells LLP, c/o Marty Steinberg, 600 Brickell Avenue, Miami, Florida 33130. The objection must: (a) include information sufficient to allow the Parties to confirm that the objector is a Settlement Class Member; (b) include a statement of the Settlement Class Member's specific objection; and (c) state the grounds for the objection and identify any documents the objector wishes the Court to consider in connection with the objection. Only those specific objections, grounds, and documents that comply with these requirements may be presented to the Court.

19. Any Settlement Class Member who does not make his or her objection to the Settlement in compliance with the requirements set forth in this Order will be deemed to have waived any such objection by appeal, collateral attack, or otherwise.

## **Final Approval Hearing**

20. The Final Approval Hearing pursuant to Federal Rule of Civil Procedure 23(e) is scheduled for January 15, 2020, at 10:00 a.m./p.m. for the following purposes:

    (a) finally determine whether the prerequisites for settlement class action treatment under Fed. R. Civ. P. 23 are met;

    (b) determine whether the Settlement is fair, reasonable, and adequate, and should be approved by the Court;

    (c) determine whether the judgment as provided under the Parties' Agreement should be entered, including a bar order prohibiting Settlement Class Members from further pursuing Released Claims under the Agreement;

   (d) consider Class Counsel's motion for attorney's fees, costs, expenses, and incentive awards; and

   (e) consider and rule upon such other matters as the Court may deem appropriate.

21. Submissions in support of final approval of the Settlement and Class Counsel's motion for attorney's fees, expenses, and incentive awards will be filed with the Court no later than January 15, 2019, which will include responses to any objections. The Final Approval Hearing may be postponed, adjourned, or continued by Court order. At or following the Final Approval Hearing, the Court may enter a Final Approval Order and Judgment in accordance with the Parties' Agreement that will adjudicate the rights of the Settlement Class Members with respect to the Released Claims being settled.

22. Settlement Class Members do not need to appear at the Final Approval Hearing or take any other action to indicate their approval of the Settlement.

## Further Matters

23. All proceedings in this Action are STAYED, except such actions necessary to implement the Settlement and the Agreement and comply with this Order.

24. No discovery with regard to the Agreement and the Settlement or its administration will be permitted by any Settlement Class Member or any other person, except as may be directed by the Court.

25. If the Settlement is not approved by the Court in substantially its present form, any objection to the Settlement is sustained by the Court, the Agreement is terminated pursuant to its terms, or the Settlement does not become final for any reason, then (i) the Agreement will be null and void, including any provisions related to an award of attorney's fees, expenses, or incentive payments, and will have no further force and effect with respect to the Parties, and will not be used in this Action or in any other action or proceeding for any purpose; (ii) this Order will be vacated and of no further force

or effect whatsoever, as if it had never been entered; and (iii) the Agreement and Settlement and all negotiations, proceedings, documents prepared, and statements made in connection therewith will be without prejudice to the Parties and Settlement Class Members, will not be admissible or offered into evidence in any action or proceeding, and will not be deemed, asserted, or construed to be an admission or confession by any Party or any other person or entity of any act, matter, or proposition, and will not be used or asserted in any manner or for any purpose in this Action or any other action or proceeding.

26. The Court retains jurisdiction to consider all further matters arising out of or connected with the Settlement and Agreement.

## Deadlines

27. The Court sets the following deadlines:

| | |
|---|---|
| Notice Deadline: | November 29, 2019 |
| Opt-Out/Objection Deadline: | January 15, 2020 |
| Final Approval Submissions: | January 22, 2020 |
| Responses to Objections: | January 22, 2020 |
| Final Approval Hearing: | January 29, 2020, at 10:00 a.m. |

DONE and ORDERED in Chambers at the James Lawrence King Federal Justice Building, Miami, Florida, this 30th day of October, 2019.

_____
JACQUELINE BECERRA
UNITED STATES MAGISTRATE JUDGE